United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICK HUGHES,<br><br>Petitioner,<br>v.<br><br>JOHN MARSHALL, Warden,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) ) | No. C 11-01185 SBA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AS UNTIMELY; AND REQUIRING ELECTION BY PETITIONER REGARDING MIXED PETITION**<br><br>(Docket no. 9) |

Petitioner Nick Hughes, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition to the motion, and Respondent filed a reply.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss. In addition, the Court finds that the petition is a mixed petition containing exhausted and unexhausted claims, as explained below. Thus, Petitioner is required to elect how to proceed with respect to his unexhausted claims.

**BACKGROUND**

On August 20, 2004, Petitioner pled guilty to second degree robbery and admitted two prior serious felony convictions for robbery, with a maximum exposure of thirty years to life in prison. On November 30, 2004, the trial court granted Petitioner's motion to dismiss the strikes pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497 (1996), and sentenced him to eleven years in prison. Petitioner did not appeal his conviction.

According to Petitioner, on September 1, 2006, he filed a request for transcripts in the Santa Clara County Superior Court. (Pet., Memo. at 35-36.)[1] On October 18, 2006, the state superior court denied the request because the time for appeal had passed. (Pet., Ex. A.)

---

[1] Petitioner has submitted a 206-page "Memorandum" in support of his petition.

United States District Court
For the Northern District of California

On December 14, 2006, Petitioner filed a petition for a writ of mandate in the California Court of Appeal. (Resp't Ex. 1.) On January 16, 2007, the petition was denied without prejudice to Petitioner filing an application for relief from default to file a late notice of appeal. (Pet., Ex. B.)

On January 29, 2007, Petitioner filed a petition for review in the California Supreme Court, raising two claims: that the trial court erred in denying his request for a free transcript on appeal, and his right to file a direct appeal was erroneously abandoned by his trial counsel. (Resp't Ex. 2.) On March 14, 2007, the petition for review was denied. (Resp't Ex. 3.)

Petitioner alleges that sometime in August 2008,[2] he filed his first habeas corpus petition in the Santa Clara County Superior Court. The record indicates that the state superior court denied the habeas petition September 24, 2008, without prejudice to refiling. (Pet., Ex. E.) Petitioner was provided with a blank copy of the correct petition form. (Id.)

On December 2, 2008, Petitioner filed a habeas petition in the Santa Clara County Superior Court, using the correct petition form. (Pet., Memo. at 39.) On March 13, 2009, the state superior court denied the petition on the merits. (Pet., Ex. F.)

On July 21, 2009, Petitioner filed a habeas petition in the California Appellate Court. (Pet., Memo. at 40.) On August 7, 2009, the state appellate court denied the petition. (Resp't Ex. 4; Pet., Ex. G.)

There is nothing in the record about whether Petitioner filed a habeas petition in the California Supreme Court.

Petitioner's federal habeas petition was filed on March 10, 2011.

## DISCUSSION

### I. Untimeliness

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for

[2] Neither Petitioner nor Respondent can provide an exact filing date for Petitioner's superior court habeas petition.

United States District Court
For the Northern District of California

seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith, 297 F.3d at 812-13; see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

In the present case, the statute of limitations started running on January 31, 2005, when Petitioner's sentence became final sixty days after the date of sentencing. See § 2244(d)(1)(A); Cal.

United States District Court
For the Northern District of California

R. Ct. 8.308(a). Thus, Petitioner had until January 31, 2006 to file his federal habeas petition. Because he did not file the present petition until March 10, 2011 -- a little more than five years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

**A. Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace, 544 U.S. at 413.

Petitioner filed his first state habeas petition in the Santa Clara County Superior Court on August 2008. However, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the limitations period had already run, more than two years earlier, on January 31, 2006. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. See Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations). Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition, and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1), unless he can show that he is entitled to equitable tolling.

**B. Equitable Tolling**

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of

United States District Court
For the Northern District of California

limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner argues that he is entitled to equitable tolling, because (1) his law library access was limited, and (2) he suffers from a mental impairment and physical ailments that impeded him from filing a timely federal habeas petition. (Opp'n at 12-15.)

The Court first addresses Petitioner's claim for equitable tolling based on his alleged mental impairment and physical ailments.

Under Ninth Circuit law, a petitioner must satisfy a two-part test to be eligible for equitable tolling for mental impairment. Bills v. Clark, 628 F.3d 1092, 1099 (9th Cir. 2010). First, a petitioner

> must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. (citations and emphasis omitted). If "petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period," an evidentiary hearing is appropriate to determine whether equitable tolling applies. Id. at 1100. However, an evidentiary hearing is not necessary "[w]here the record is amply developed, and where it indicates that the petitioner's mental

incompetence was not so severe as to cause the untimely filing of his habeas petition, . . . notwithstanding a petitioner's allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) (citation omitted).

Petitioner claims he suffers from "schizoaffective disorder (295.70, DSM-IV-TR)" as well as "Axis III (highly-disruptive) migraine headache[s]." (Opp'n at 14-15.) Neither Petitioner nor Respondent offers complete medical records of Petitioner's mental status during the relevant time period, from the time that the statute of limitations began to run on January 31, 2005, to the date that Petitioner filed the instant petition on March 10, 2011. Petitioner only provides five pages of medical records; however, as the Court finds below, these records are insufficient to determine the status of his mental impairment and physical ailments during the entire relevant time period. (Pet., Ex. K at 1-5.)

Respondent argues that the records fail to establish that Petitioner had a "severe mental impairment during the filing period that made it impossible for him to file a timely petition." (Mot. to Dismiss at 6.) Respondent offers two cases in support of a grant of his motion to dismiss, stating:

> The Supreme Court has not specifically addressed whether equitable tolling can be based on mental problems. In Lawrence v. Florida, 549 U.S. 327, 337 (2007), the Court held that, even assuming a defendant's mental state could justify equitable tolling, the petitioner must initially make a "factual showing of mental incapacity." Further, "incompetence is not a per se reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." Nara v. Frank, 264 F.3d 310, 320. (3rd Cir. 2001) (citation omitted); Bolarinwa v. Williams, 593 F.3d 226, 232 (2nd Cir. 2010) ("The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights'").

(Resp't Mot. to Dismiss at 4-5.)

As mentioned above, Petitioner has submitted two documents entitled, "Mental Health Treatment Plan," relating to his mental health on May 1, 2007 and January 8, 2008. (Pet., Ex. K.)

On May 1, 2007, Petitioner was observed to be suffering from psychosis, anxiety, and depression. (Id. at 1.) Petitioner reported a history of depression, AH (auditory hallucinations), paranoia, anxiety, self-mutilation, and suicide attempts. (Id.) He was prescribed Celexa for his

United States District Court
For the Northern District of California

depression and Risperdal for his psychosis. (Id.) Under the mental status examination relating to "Cognition," his "Fund of Information" and "Intellectual Functioning" were identified as within normal limits. (Id. at 2.) Under Petitioner's "Perception" and "Thought Content," the examiner indicated "auditory hallucinations of others' thoughts ('usually bad,' negative content)" and paranoia that "people wanted to harm him." (Id.)

On January 8, 2008, Petitioner was again observed to be suffering from psychosis, anxiety, and depression. (Id. at 3.) In addition, the examiner reported that Petitioner's problems included "self-harm ideation/cutting," "poor coping," and "periodic psychotic processes." (Id.) Petitioner reported a history of "continued overall improvement with decreased frequency and intensity of symptoms as well as improved coping." (Id.) However, Petitioner claimed that he "recently scratched initials of ex-girlfriend on arm as a tribute to her; denies he was trying to harm himself and denies he was sad/depressed." (Id.) He was prescribed the medications Effexor, Buspar and Risperdal, which were intended to decrease his depression, anxiety, and psychosis, respectively. (Id.) Under the mental status examination, all categories under "Cognition" and "Thought Processes" were within the normal range, except for "Concentration" where it was noted that Petitioner had a "mild impairment in one MSE[3] task." (Id. at 4.) Petitioner continued to report that he had "ongoing sense of evil from others as well as hearing others' negative thoughts." (Id.) He claimed that these symptoms were reported as "occurring less often and coping with symptoms has improved." (Id.) In the January 8, 2008 examination, Petitioner was diagnosed with schizoaffective disorder, borderline personality disorder, hypothyroidism, migraine headaches, and unexplained weight loss. (Id. at 5.)

Based on the documentation listed above, the Court disagrees with Respondent that the record fails to establish that Petitioner suffers from a "severe mental impairment." The record shows that Petitioner may have suffered from multiple psychological and physical ailments that could have prevented him from filing a timely petition. However, the documentation Petitioner has submitted

---

[3] MSE stands for Mental Status Examination.

United States District Court
For the Northern District of California

only includes reports from two examinations on May 1, 2007 and January 8, 2008.

In assessing an equitable tolling claim based on mental impairment and physical ailments, the Court must take care not to deny a motion for equitable tolling before a sufficient record can be developed. In Laws v. Lamarque, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Laws's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). At the time the district court dismissed the petition, the record showed that a divided panel of psychiatric experts had concluded that Laws was competent at the time of his trial. However, the record did not contain any medical records from the period for which equitable tolling was requested. Id. at 923. Further, the respondent had not provided any evidence to rebut Laws's assertion that he was "deprived of any kind of cons[ci]ousness." Id. at 924. The Ninth Circuit determined that a district court should not require the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. Id. Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. Id. (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding)). The Ninth Circuit ultimately found that the district court erred in granting judgment against Laws because, in light of the inadequate record and unrebutted assertions before it, "[i]t [was] enough that Laws 'alleged mental competency' in a verified pleading." Laws, 351 F.3d at 924 (citations omitted). The court was careful to point out, however, that "a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced." Id. Therefore, the Ninth Circuit held that Laws was entitled to further factual development or an evidentiary hearing on the issue of whether he was precluded from filing his petition by reason of mental impairment. Id. Thus, under Laws, a district court may not grant a motion to dismiss merely because a petitioner fails to provide evidence beyond conclusory statements to support his claim for equitable tolling. Rather, the court

United States District Court
For the Northern District of California

may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a petitioner's claim. Id.

In Laws, the record contained no medical reports from the period during which the petitioner claimed to be incompetent. Id. at 923. Furthermore, the "state [had] offered no evidence at all that he was [competent] in the years when his petitions should have been filed." Id.

The present case differs significantly in that the record only contains reports from two examinations relating to Petitioner's mental health on May 1, 2007 and January 8, 2008. (Pet., Ex. K.) Therefore, the record is not sufficiently developed for consideration because it lacks Petitioner's complete medical reports relating to his mental impairment and physical ailments from the start of the limitations period on January 31, 2005 through the filing date of his federal petition on March 10, 2011. Further, Respondent has not offered any "countervailing evidence" in the form of medical reports showing that Petitioner did not suffer from a mental impairment or physical ailments during the relevant time period. Accordingly, based on the record before it, the Court cannot determine whether Petitioner is entitled to equitable tolling due to his alleged mental impairment or physical ailments during the relevant time period. Cf. Roberts, 627 F.3d at 773 (holding district court did not abuse its discretion by denying petitioner evidentiary hearing, and finding that he was not entitled to equitable tolling for mental impairment during period in which he was able to file state habeas petitions raising the same arguments he presented in his federal habeas petition).

Under the circumstances, Respondent's motion to dismiss the petition as untimely (docket no. 14) is DENIED. This denial is without prejudice to renewing this motion on the ground that Petitioner did not suffer from a mental impairment or physical ailments that caused the untimely filing of his federal petition, and supporting such a motion with "countervailing evidence" that rebuts Petitioner's claim for equitable tolling, including relevant authenticated medical reports.[4]

## II. Mixed Petition

---

[4] Because the Court has denied Respondent's motion to dismiss as untimely upon determining that the record has not been fully developed as to Petitioner's alleged mental impairment and physical ailments, the Court need not address his claim to equitable tolling based on his alleged limited law library access.

In a footnote, Respondent notes that Petitioner has filed a mixed petition containing exhausted and unexhausted claims, stating:

> We further note that all of petitioner's current claims, except one sub-issue of Claim 2, are unexhausted. Petitioner contended in his California Supreme Court habeas petition that counsel erred by failing to file a notice of appeal. (Exh. 2 at 5-6.) He contends here that counsel was ineffective because he 'abandoned direct-appeal.' (Petition at 6.2.) While that sub-claim is exhausted, the remaining claims were never presented to the California Supreme Court at all. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

(Resp't Mot. to Dismiss at 6.) Petitioner does not address this issue in his opposition. The Court construes Respondent's footnote as a request to dismiss the petition as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982).

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the

United States District Court
For the Northern District of California

federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416 (citing Rhines, 544 U.S. at 277-78).

Here, Petitioner's federal petition contains both exhausted and unexhausted claims; therefore, it is a "mixed" petition. See Rhines, 544 U.S. at 277. As explained above, the Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose, 455 U.S. at 522; cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). Due to a critical one-year statute of limitations on the filing of federal habeas petitions under AEDPA, the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) Dismiss the unexhausted claims and go forward in this action with only the exhausted claim; or

(2) Terminate this action and return to state court to exhaust all of his claims before filing a new federal habeas action containing a petition with only exhausted claims; or

(3) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust the claims in state court and that they are potentially meritorious claims.

Petitioner is cautioned that each of the choices has risks which he should take into account in deciding with which to proceed. If he chooses option (1) and goes forward with only his exhausted claims, any subsequent federal habeas petition he might file would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), terminating this

United States District Court
For the Northern District of California

action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be dismissed as untimely. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court.

As mentioned above, in Rhines, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions and cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be thirty days to get to state court, as long as necessary in state court, and thirty days to return to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003), cert. denied, 538 U.S. 1042 (2003). Therefore, Petitioner must act diligently to pursue his claims in the California Supreme Court and to notify this Court within thirty days of the California Supreme Court's final decision. See Kelly, 315 F.3d at 1071. A failure by Petitioner to act with diligence could result in the Court's dismissal of the newly exhausted claims.

Petitioner must notify the Court of his choice within **thirty (30) days** from the date of this Order, as set forth below. His failure to do so will result in the dismissal of this petition without prejudice for failure to exhaust state judicial remedies.

**CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss petition as untimely (docket no. 9) is DENIED.

2. The Court finds that the present petition is a mixed petition and directs Petitioner to make an election on how to proceed with his unexhausted claims. Within **thirty (30) days** of the

United States District Court
For the Northern District of California

date of this Order, Petitioner must serve on Respondent and file with the Court a statement of his intent either (1) to dismiss the unexhausted claims and go forward in this action with only the exhausted claim, (2) to terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition, or (3) to request a stay of these proceedings while he exhausts his state judicial remedies. If he chooses option (3), he must explain why he failed to exhaust his unexhausted claims previously in state court and why the claims is potentially meritorious.

**If Petitioner fails to comply with this Order before the thirty-day deadline, this action will be dismissed without prejudice to filing a new federal habeas action containing a petition with only exhausted claims.**

3. This Order terminates Docket no. 9.

IT IS SO ORDERED.

Dated: __12/20/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NICK R HUGHES,

Plaintiff,

v.

JOHN MARSHALL et al,

Defendant.
________________________________________/

Case Number: CV11-01185 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nick R. Hughes V-59310
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: December 20, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk



United States District Court
For the Northern District of California