IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK R. HUGHES,<br><br>    Petitioner,<br><br> v.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent.                 / | No. C 11-01185 SBA (PR)<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Docket no. 16 |

       On March 10, 2011, Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2011, Respondent filed a motion to dismiss based on untimeliness and lack of exhaustion. (Dkt. 9). On December 20, 2011, the Court issued an Order denying the motion to dismiss based on untimeliness. However, the Court found that the petition was a mixed petition because it contained exhausted and unexhausted claims, and ordered Petitioner to inform the Court within thirty days from the date of the Order how he wanted to proceed with his mixed petition. (Dkt. 14). On January 30, 2012, the Court dismissed the petition without prejudice because Petitioner had not responded to the Court's Order within thirty days.

       On March 12, 2012, Petitioner filed the instant motion to set aside the judgment under Rule 60 of the Federal Rules of Civil Procedure. In his motion, Petitioner states that he received the Court's January 30, 2012 Order on February 13, 2012 and allegedly learned for the first time that the Court had issued the December 20, 2011 Order to which he had not responded. Petitioner claims that he never received the December 20, 2011 Order, and thus, was not aware of his need to respond. Petitioner checked at the prison "post office" and was told that there was no record that the prison received the December 20, 2011 Order from the Court. Petitioner requests that this Court vacate the January 30, 2012 Order and reinstate the December 20, 2011 Order.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

The Court finds that reconsideration is warranted in this case. Because Petitioner never received the Court's Order dismissing his case without prejudice, he was unaware that he was required to respond within thirty days of the date of the Order. Once Petitioner realized that he had not received the Court's December 2011 Order, he promptly sought relief from this Court. Thus, Petitioner's motion for relief from judgment is granted and his case will be reopened. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Petitioner's motion for relief from judgment is GRANTED.

2. The Clerk shall re-open this case.

3. The Clerk shall send to Petitioner a copy of the Court's December 20, 2011 Order together with this Order.

4. Petitioner shall respond to the December 20, 2011 Order within thirty days of the date of this Order is filed.

5. This terminates Docket no. 16.

IT IS SO ORDERED.

DATED: 12/10/12

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NICK R HUGHES,

        Plaintiff,

v.

JOHN MARSHALL et al,

        Defendant.

Case Number: CV11-01185 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nick R. Hughes V-59310
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: December 14, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Hughes1185.Rule 60 Grant.wpd      3