IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK R. HUGHES,

    Petitioner,

v.

JOHN MARSHALL, Warden,

    Respondent.

No. C 11-01185 SBA (PR)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED AS TO ONE SUB-CLAIM OF CLAIM TWO**

    Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. In an Order dated April 20, 2011, the Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition based on untimeliness and lack of exhaustion.

    In an Order dated December 20, 2011, the Court denied Respondent's motion to dismiss the petition as untimely and, instead, determined that the present petition was a mixed petition with one exhausted claim and several unexhausted claims. The Court ordered Petitioner to make an election regarding how he wanted to proceed with regard to his unexhausted claims. The Order required Petitioner to file a notice in which he stated whether he elected to: (1) dismiss the unexhausted claims and go forward in this action with only the one exhausted claim; (2) terminate this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court.

    On March 20, 2013,[1] Petitioner filed a notice in which he elected to dismiss his unexhausted claims and proceed with only the one exhausted claim. Pursuant to Petitioner's notice, all the unexhausted claims are dismissed from this action.

    In light of the dismissal of the unexhausted claims, the petition appears to contain only one

---

[1] This action was initially dismissed without prejudice on January 30, 2012 because Petitioner had not responded to the Court's December 20, 2011 Order within thirty days. Thereafter, Petitioner filed a motion for relief from judgment, claiming that he never received the December 20, 2011 Order. In an Order dated December 10, 2012, the Court granted Petitioner's motion for relief from judgment and directed the Clerk of the Court to re-open this action. After this action was re-opened, Petitioner filed his March 20, 2013 notice.

exhausted claim (a sub-claim of claim two relating to ineffective assistance of trial counsel for failing to file a notice of appeal), which should be addressed on its merits. The Court now sets a new schedule for the parties to file their briefs pursuant to the April 20, 2011 Order To Show Cause.

### CONCLUSION

1. Petitioner has elected to proceed with his only exhausted claim: one sub-claim of claim two -- the aforementioned ineffective assistance of counsel claim. Therefore, all of Petitioner's remaining claims are DISMISSED based on his voluntary dismissal of those claims in his March 20, 2013 notice.

2. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the aforementioned ineffective assistance of counsel claim. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/21/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK R HUGHES, | Case Number: CV11-01185 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JOHN MARSHALL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nick R. Hughes
110 Whispering Pines Court
Scotts Valley, CA 95066

Dated: May 23, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk